United States District Court
Southern District of Texas
**ENTERED**
April 17, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:23-cv-100

BRIAN FRANKENFIELD, INMATE #364259, *PLAINTIFF*,

v.

GALVESTON COUNTY, ET AL., *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*.

Brian Frankenfield has filed this prisoner civil-rights action under 42 U.S.C. § 1983, concerning the conditions of his confinement at the Galveston County Jail. Dkt. 1. Frankenfield has also submitted a supplemental complaint, which contains additional facts about his claims. Dkt. 4. Because Frankenfield is a prisoner who has not paid the filing fee, the court must scrutinize the pleadings and dismiss the case if his complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the court will dismiss this case for the reasons explained below.

## I.   <u>BACKGROUND</u>

The facts set forth in this section are taken from the complaint, Dkt. 1, the supplemental complaint, Dkt. 4, and the attachments provided by Frankenfield. *See* Fed. Civ. P. 10(c).

Frankenfield has filed this civil-rights action under 42 U.S.C. § 1983 against Galveston County and "all others unknown."  He alleges that an unidentified "computer administrator" is allowing people to call in to the Jail and harass him over the intercom system.  He also claims that Jail personnel are using "low-frequency technology" or "some kind of micro-wave" to read his mind.  He characterizes this as an "assault" on his thoughts and a violation of his right to privacy.  He alleges further that the use of micro-wave technology to intercept his thoughts violates the attorney-client privilege.  In addition, he appears to claim that family members or people pretending to be who they are not have used information collected through this technology to interfere with his social security benefits.

## II.   <u>STANDARD OF REVIEW</u>

Federal district courts are required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, to screen complaints filed by prisoners to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See also* 28 U.S.C. § 1915(e)(2)(B); *Crawford El v. Britton*, 523 U.S. 574, 596 (1998) (summarizing provisions found

in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions).

A complaint is "frivolous" if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton*, 504 U.S. at 33. Included in this class of claims are those "describing fantastic or delusional scenarios" and allegations that are "fanciful" and "clearly baseless." *Id.* (citations omitted); *see also Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.") (citations and internal quotation marks omitted).

Because the plaintiff represents himself, his *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even under this lenient standard a plaintiff must allege sufficient facts that, when taken as true, state a claim for relief that is plausible on its face. *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.   DISCUSSION

Frankenfield's allegation that micro-wave technology has been used for the purpose of improper surveillance or to read his mind is the sort of claim that courts routinely dismiss as factually frivolous. *See, e.g., Dodson v. Haley*, No. 16-6196,

2017 WL 3224485, at *1 (6th Cir. May 17, 2017) (unpublished) (dismissing as frivolous a prisoner's claim that correctional officers installed "eye cameras" and "thought processing devices" in his body); *Golden v. Coleman*, 429 F. App'x 73, 74 (3d Cir. 2011) (per curiam) (dismissing as frivolous a prisoner's claim that prison employees implanted "Government Micro Eye Cameras" in his food, which then attached to the "visual cortex" in his brain and sent images to a computer for broadcast on "prison television"); *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (dismissing as frivolous the plaintiff's claim that prison officials implanted a tracking device in his jaw to "monitor his thoughts and send him inaudible, profane messages"); *Johnson v. Drug Enforcement Agency*, 137 F. App'x 680, 680 (5th Cir. 2005) (per curiam) (dismissing as frivolous plaintiff's allegation that the DEA implanted a transmitter in his scalp); *Hamilton v. McCune*, No. H-19-1901, 2019 WL 2869220, at *2 (S.D. Tex. July 3, 2019) (dismissing as frivolous a prisoner's allegation that officials covertly implanted a device to intercept his thoughts).

Frankenfield does not otherwise allege facts that would form the basis of a plausible claim against Galveston County. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *see also James v. Harris Cty., Tex.*, 577 F.3d 612, 617 (5th Cir. 2009) (noting that a municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'") (quotation omitted).  Accordingly, this case will be dismissed pursuant to 28 U.S.C. § 1915A.

## IV.   CONCLUSION AND ORDER

Accordingly, the court **ORDERS** as follows:

1. The civil action filed by Brian Frankenfield is **DISMISSED** with prejudice as frivolous.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. Officials at the Galveston County Jail shall deduct the filing fee for indigent litigants ($350.00) from the inmate trust fund account belonging to the plaintiff, Brian Frankenfield (Inmate #364259), and forward those funds when they are available to the Clerk of Court in compliance with 28 U.S.C. § 1915(b) until the entire amount is paid.

**The clerk will provide a copy of this order to the plaintiff.  The clerk will also provide a copy of this order to:  (1) the Galveston County Jail, Attn:  Inmate Accounts, 5700 Avenue H, Galveston, Texas 77551-4137, ph. (409)766-2315; and (2) the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

Signed on Galveston Island this 17th day of April, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE